COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Willis and Annunziata
Argued at Chesapeake, Virginia


JOSEPH S. KOST
                                    MEMORANDUM OPINION* BY
v.    Record No. 0116-99-1    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                       DECEMBER 14, 1999
ROBERTA E. KOST


FROM THE CIRCUIT COURT OF YORK COUNTY
N. Prentis Smiley, Jr., Judge

Nancy J. Luchs (Furlong & Luchs, on brief), for
appellant.

No brief or argument for appellee.


In this domestic relations case, Joseph S. Kost (husband)

appeals the trial court's equitable distribution order.  On

appeal, he contends the trial court erred:  (1) in making an

equitable distribution award based on the written proffers of

the parties and without properly considering the statutory

factors of Code § 20-107.3; (2) in awarding fifty-percent of the

marital property to wife and in making various other awards,

including in-kind marital property, distribution of IRA accounts

and permanent spousal support; (3) in its calculation of

pendente lite support; (4) in declining to postpone the

equitable distribution hearing until a court reporter arrived;

---

* Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

(5) by including a "hold harmless" provision in the award of real property to husband; (6) in requiring husband to maintain a survivor benefit plan for wife under his military retirement; and (7) in continuing pendente lite support after the entry of the divorce decree and equitable distribution award.[1]

## I.  BACKGROUND

On appeal, we construe the evidence in the light most favorable to wife, the prevailing party below, granting to her evidence all reasonable inferences fairly deducible therefrom. See Donnell v. Donnell, 20 Va. App. 37, 39, 455 S.E.2d 256, 257 (1995) (citing McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990)).

So viewed, the evidence established that the parties were married October 23, 1971 in Devon, Pennsylvania.  Husband served in the United States Air Force for approximately 26 years, and he retired August 1, 1998.  Wife worked as an office manager for approximately ten years.  The parties separated October 1, 1996.

Following an initial pendente lite support hearing, husband was ordered to pay wife temporary support in the amount of $2,797 per month.  On August 5, 1998, husband moved the court to

---

[1] In his opening brief, husband alleged fourteen assignments of error.  Some of his arguments are repetitive and, accordingly, we have combined his arguments in this appeal.

-

reduce the award of temporary spousal support.[2]  Following the

direct examination of husband, the hearing was continued to

August 19, 1998 ("August hearing").

At the August hearing, both husband and wife testified as

to their income and financial obligations.  Based upon the

evidence presented, the trial court reduced wife's award of

temporary support to $2,473 per month.[3]  At that time, the trial

court also conducted a pretrial hearing, in which the parties

discussed the disputed issues and the trial court advised the

parties of its method of equitable distribution.

The equitable distribution hearing was held on November 5,

1998 ("November hearing").  Adhering to the pretrial schedule,

the parties presented testimony and the trial court reviewed

their written proffers.  Throughout the hearing, the trial judge

made various oral rulings, to which husband did not object.  At

the conclusion of the November hearing, husband's counsel was

asked to prepare the order reflecting the trial court's

decisions.

On December 15, 1998 ("December hearing"), the parties

appeared before the trial court to resolve undetermined issues,

---

[2] Husband failed to file in the trial court the transcript of
the August 5, 1998 hearing and, therefore, we are unable to
determine what occurred at that hearing.

[3] On September 21, 1998, the parties appeared before the
trial court because they disputed the previous pendente lite
support award.  However, husband failed to include this transcript
in the Appendix.

-

including equitable distribution of life insurance policies, husband's military pension, and various claims for personal property.  Husband objected to the trial court's rulings from the November hearing.  After considering arguments, the trial court held that the objections were untimely and, therefore, waived.

> Ms. Luchs, I'm baffled by your today's position.  We went through -- and although this may be your first case in the Ninth Circuit, you certainly went through an educational process in September when we did our pretrial.  The Court explained to you how that would happen.
>
>    *      *      *      *      *      *      *
>
>     . . . And I have a note that there are no facts in dispute under the factors, and we would have resolved that on August 19, 1998.
>
>     Ms. Luchs, in all due respect to you and your concern about the procedure of the Court, when there's no facts in dispute under the factors, there's nothing to try except what we set forth on other types of issues such as the classification issues, and we assign burdens of proof on those. . . . Everything else under classification was agreed.
>
>    *      *      *      *      *      *      *
>
>     Now, we've spent an hour this morning discussing or retrying the case.  The Court will enter an order of divorce, retain the matter on the docket for further determination as to . . . permanent support . . . .

In its decree entered December 15, 1998, the trial court granted the parties a divorce.  The trial court "expressly retain[ed]"

-

its jurisdiction to determine the issue of permanent spousal support and ordered that pendente lite support continue "until further modified."  In a separate order, the trial court awarded equitable distribution of the property.

## II.  RULE 5A:18

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  Rule 5A:18; see also Taylor v. Taylor, 27 Va. App. 209, 212, 212 n.1, 497 S.E.2d 916, 917, 917 n.1 (1998); Smith v. Smith, 18 Va. App. 427, 433, 444 S.E.2d 269, 273-74 (1994).

> The main purpose of requiring timely specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals.  In addition, a specific, contemporaneous objection gives the opposing party the opportunity to meet the objection at that stage of the proceeding.

Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991) (citation omitted).

The "ends of justice" exception is "narrow and is to be used sparingly. . . ."  Patrick v. Commonwealth, 27 Va. App. 655, 660, 500 S.E.2d 839, 842 (1998) (citations omitted).  "In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred,

-

not that a miscarriage <u>might</u> have occurred." <u>Redman v.</u>

<u>Commonwealth</u>, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997)

(emphasis in original).

In the instant case, many of husband's assignments of error

were not properly preserved in the trial court proceedings and,

thus, Rule 5A:18 bars our consideration of them on appeal.

### III.  EQUITABLE DISTRIBUTION HEARING

### A.  Use of Written Proffers

Husband argues that the trial court erred in making an

equitable distribution award based on the submitted written

proffers of the parties and in limiting his presentation of

evidence.

Husband did not request that he be allowed to call

witnesses on his behalf, and he failed to object to the trial

court's method of taking evidence at the November hearing.  It

was not until the conclusion of the December hearing that

husband made the following objection:  "[O]ne of my objections

is that I did not have an opportunity to conduct

cross-examination.  I don't see how Your Honor can make a ruling

on written proffers alone without eliciting testimony,

permitting cross-examination or argument of counsel."[4]

---

[4] In finding that the parties were given a reasonable
opportunity to present evidence, the trial court noted the
following:  "And you had that opportunity . . . to reduce your
facts to writing, and the Court did a pretrial [conference] and
I asked what facts are legitimately in dispute so that we can
set those aside for ore tenus consideration."

-

Husband's objection was not timely made. "In order to be considered on appeal, an objection must be timely made and the grounds stated with specificity." McLean v. Commonwealth, 30 Va. App. 322, 329, 516 S.E.2d 717, 720 (1999) (en banc). "To be timely, an objection must be made when the occasion arises -- at the time the evidence is offered or the statement made." Id.

Without a contemporaneous objection from counsel at the time the evidence was offered by the parties, husband's argument is procedurally barred on appeal. See Crawley v. Commonwealth, 29 Va. App. 372, 375, 512 S.E.2d 169, 171 (1999) ("Because appellant registered no hearsay objection to the admissibility of the cards, he waived the right to contest their admissibility on appeal."); Newton v. Commonealth, 29 Va. App. 433, 459-60, 512 S.E.2d 846, 858-59 (1999) (holding that defendant's objection to the trial court's statement to the jury was procedurally barred because he failed to contemporaneously object at the time the statement was made); see also Woodson v. Commonwealth, 211 Va. 285, 288-89, 176 S.E.2d 818, 821 (1970) ("A litigant may not, in a motion to strike, raise for the first time a question of admissibility of evidence.").

Next, husband argues that the trial court's method of taking evidence denied him due process. This claim is also barred by Rule 5A:18 because "he failed to raise this argument before the trial judge and, therefore, denied the judge the

-

opportunity to consider the question." Yiaadey v. Commonwealth, 29 Va. App. 534, 546, 513 S.E.2d 446, 452 (1999); see Patrick, 27 Va. App. at 660, 500 S.E.2d at 842 ("Rule 5A:18 applies to bar even constitutional claims."). Additionally, the record does not show affirmatively that a miscarriage of justice occurred and, therefore, provides insufficient grounds for invocation of the ends of justice exception.

## B.  Statutory Factors

Husband next contends that the trial court erred by failing to consider the statutory factors of Code § 20-107.3 in determining the equitable distribution award.  He argues that the trial court "never considered each of the statutory factors in any sort of one-by-one basis but only in the aggregate." Husband did not object to the trial court's decision at the conclusion of the November hearing and, in fact, was asked without objection to prepare the equitable distribution order. Having failed to properly preserve this issue, husband's argument is barred.  See Rule 5A:18.  Additionally, the evidence established that the trial court considered the statutory factors.

## IV.  EQUITABLE DISTRIBUTION AWARD

### A.  Division of Property

Husband next argues that the trial court erred in dividing the marital property equally, awarding a fifty-percent distribution to each party.  He contends that the parties did

-

not agree upon the percentage and that the trial court proceeded on this mistaken assumption.

At the November hearing, husband failed to timely object to the fifty-percent division of marital property and agreed to an equal split of the marital property.  At the conclusion of the December hearing, the trial court asked counsel whether she had previously objected to the fifty-percent division.

> COURT:  <u>Did you say that that wasn't correct?</u>
>
> MS. LUCHS:  <u>No, sir, I did not.</u>
>
> COURT:  <u>You did not dispute it?</u>
>
> MS. LUCHS:  <u>No, sir.</u>

(Emphasis added).  Husband ultimately conceded that his objection was untimely, stating the following:  "I did not make at the time the objections that I should have made, and I admit that quite readily."[5]  We conclude that under these

---

[5] When the trial court reconsidered counsel's argument, the following colloquy took place:

> COURT:  So we had an agreement to begin with, is that what it was?
>
> MR. WOOD:  That's the point.
>
> MS. LUCHS:  No.  As we addressed each issue, Your Honor ruled on that issue.  That's throughout the transcript.
>
> COURT:  And it was 50 percent throughout?
>
> MS. LUCHS:  That was Your Honor's ruling.

-

circumstances, having failed to timely object to the trial court's use of a fifty-percent figure throughout the proceedings when the division of property was made, husband waived any objection to the award.  See Rule 5A:18.

B.  In-Kind Marital Property

Husband argues that the trial court erred by making an award of in-kind marital property.  At the time of the November hearing, wife was in possession of the parties' china, crystal and silverware.  After the parties separated, but prior to these proceedings, wife gave husband a box containing jewelry.  Husband lost the jewelry and filed an insurance claim in the amount of $6,943.  In its equitable distribution award, the trial court awarded wife her marital share of the value of the jewelry.  Additionally, the court ordered wife to appraise the

---

COURT:  And that was the agreement of the parties?

MS. LUCHS:  It was not the agreement of the parties, Your Honor.

COURT:  When you say "it was not the agreement," but you never made it an issue; is that correct?

MS. LUCHS:  That is correct, Your Honor.

COURT:  So you're making it an issue today?

MS. LUCHS:  Yes, sir.

COURT:  Overruled.  Too late.

(Emphasis added).

-

parties' china, crystal and silverware and pay husband his marital share of its value.

At the November hearing, husband did not object to the trial court's in-kind division of the china, crystal and silverware. In fact, husband's counsel implicitly agreed to the disposition of this marital property, stating the following:

> MS. LUCHS: So you're physically awarding her these items?
>
> COURT: That is correct, marital property untitled. I believe the Court has the authority to award in-kind marital property which is untitled.
>
> MS. LUCHS: I'm not disputing the Court's authority, Your Honor. <u>I just want to make sure I fully understanding your ruling, sir.</u>
>
> COURT: Okay.
>
>      \*    \*    \*    \*    \*    \*    \*
>
> COURT: Now, did you have another issue you wished to bring to mind?
>
> MS. LUCHS: No, sir.

(Emphasis added). Having failed to timely object to the trial court's decision, husband's claim is barred on appeal. See Rule 5A:18.

### C. IRA Accounts

Husband contends that the parties did not discuss the division of their respective IRA accounts and that the trial court erred by including this property in the equitable distribution award. However, at both the November and December

-

hearings these accounts were discussed by the parties.  The record affirmatively establishes that the parties discussed the inclusion of this property in the equitable distribution award and, in fact, husband included both IRA accounts in his written proffers:  "IRA: Husband, $69,315; Wife, $45,000."

Additionally, at the December hearing the parties debated at length the division of the IRA accounts.  The trial court specifically asked husband's counsel what his position was on this issue.  Counsel stated:

> I think each should benefit from their respective contributions.  In fact, Mr. Kost made substantial contributions to Mrs. Kost's IRA.  She's contributed to her own IRA through her employer.  Mr. Kost has totally funded his own IRA.  I don't see where she should benefit from those efforts on his behalf to fund his own IRA.

Contrary to counsel's assertion, this issue was clearly addressed by the trial court.

Additionally, husband offered no evidence that the deposits into either of the parties' IRA accounts were his separate property.  Absent credible evidence establishing the separate nature of at least a portion of the funds, we cannot hold that the trial court erred in classifying these accounts as marital assets or in distributing them to the parties equally.  See Luczkovich v. Luczkovich, 26 Va. App. 702, 715, 496 S.E.2d 157, 163 (1998); Marion v. Marion, 11 Va. App. 659, 670, 401 S.E.2d 432, 439 (1991) (holding that husband's IRA account was subject

-

to equitable distribution because it was purchased during marriage, creating presumption of marital property, and no evidence in record indicated that it was his separate property).

### D.  Permanent Spousal Support

Husband argues that the trial court erred in awarding, sua sponte, permanent spousal support.  "Surely it is an abuse of discretion to insert into a final order an issue which neither party has asked the court to consider, . . . ."

Because wife requested in her Answer to the Bill of Complaint "that she be awarded temporary and permanent spousal support," the issue of permanent spousal support was properly before the trial court's consideration.[6]  More importantly, the record establishes that the trial court did not make an award of permanent spousal support in the divorce decree.  Rather, it "expressly retain[ed] jurisdiction to determine the issue of the payment of spousal support" and its previous award of pendente lite support was ordered to "remain in full force and effect until further modified."

Here, we conclude the trial court did not err in retaining its jurisdiction to later consider the issue of permanent spousal support.  See Rogers v. Damron, 23 Va. App. 708, 715, 479 S.E.2d 540, 543 (1997) (noting that the trial court may reserve "consideration of support, custody, or property issues"

---

[6] Husband did not include the Answer and Cross-Bill in the Appendix.

-

to provide "the parties additional time to resolve their differences" (emphasis added)); <u>Zipf v. Zipf</u>, 8 Va. App. 387, 390, 382 S.E.2d 263, 265 (1989) ("That order specifically continued the cause, retaining jurisdiction to determine issues of <u>spousal support and maintenance</u>, . . . . By it's very language, that order did not purport to dispose of all issues remaining in the suit." (emphasis added)).

V. <u>PENDENTE LITE</u> SUPPORT

A. Imputed Income

Husband asserts the trial court erred in finding that he was "voluntary unemployed" and by imputing income to him for purposes of determining <u>pendente lite</u> support. At the conclusion of the parties' evidence at the August 19, 1998 hearing for temporary support, the trial court made the following findings:

> The Court finds that the income of the wife has changed. It is now $1,926. The Court finds that the income of the husband has changed to $4,213 per month but that the income is voluntary unemployment income.
>
>    *     *     *     *     *     *     *
>
> Therefore, there has been a substantial change of circumstance. Pendente lite support will be pursuant to the Ninth Circuit guidelines, income of the wife $1,926, income of the husband $7,474.

Accordingly, the trial court awarded wife temporary support in the amount of $2,473 per month. Husband's counsel prepared the

-

order, which was signed by the trial court and endorsed by both parties.

Husband did not object to the award of temporary support at the August 19, 1998 hearing or when he endorsed the trial court's <u>pendente</u> <u>lite</u> support order.  Indeed, at a later hearing on September 21, 1998 to discuss the trial court's award of temporary support, husband was given another opportunity to object to the order, but failed to do so.  The trial court stated the following:

> COURT:  All right.  If you'll make those changes.  Ms. Luchs, I think you and Mr. Wood can probably resolve these issues based upon this discussion this morning, and I'd ask that you endorse the order.  <u>And you make your notes to whatever you object to relevant to that.</u>
>
> MS. LUCHS:  Yes, sir.
>
> COURT:  <u>On the order, if in fact you have any objection.</u>  I think we may have resolved that for you.  And I thank you for coming this morning.  I'm sorry to put you to that trouble.

(Emphasis added).

The record establishes that husband did not object at the time of the trial court's ruling, at the time counsel was asked to prepare the order, or at the time the trial court gave him another opportunity to do so at the September 21, 1998 hearing. Having failed to timely object to the trial court's award of <u>pendente</u> <u>lite</u> support, his argument is barred on appeal.  <u>See</u> Rule 5A:18.

-

B.  Overstated Income

Husband also argues that the trial court erred in modifying his income for purposes of determining pendente lite support. He contends that when the trial court calculated the support award, husband's income was "overstated."  Husband argues that the trial court later recognized this error and at the August 19, 1998 hearing the court agreed to "credit the husband from the April 29, 1998, order wherein the income was overstated."

Our review of the record indicates that there is no trial court order dated April 29, 1998.  Additionally, husband failed to include a copy of the August 5, 1998 hearing transcript in the Appendix, and it appears from the record that a copy of that transcript was not filed in the trial court.  Accordingly, we are unable to determine whether any income was "overstated" in a previous order of the trial court and, therefore, we are unable to properly decide this issue.  See Twardy v. Twardy, 14 Va. App. 651, 654, 419 S.E.2d 848, 850 (1992) (en banc) ("[A]n appellant has the primary responsibility of ensuring that a complete record is furnished to an appellate court so that the errors assigned may be decided properly."); Id. at 658, 419 S.E.2d at 852 ("The trial court's judgment is presumed to be correct, and 'the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred.'").

-

Significantly, when husband's counsel prepared the order for _pendente_ _lite_ support he did not object to the trial court's calculations.  Even if the trial court mistakenly failed to credit husband the claimed amount, husband agreed to and signed the order without objection.  Accordingly, his argument is barred on appeal.  See Rule 5A:18.

## VI.  COURT REPORTER

Husband argues that the trial court erred in declining to postpone the November 5, 1998 hearing until a court reporter arrived to transcribe the proceedings.  However, husband did not object to the trial court's decision, and he conceded that no substantive issues had been discussed during the ten-minute absence of the court reporter.  When the parties discussed this issue at the December 15, 1998 hearing, husband's counsel stated the following:

> But, again, during that ten minutes, as I recall, no substantive issues were discussed, and that's probably reflected in your notes.  Certainly, in the beginning of the transcript, Your Honor notified the court reporter of what had been discussed to the point of her arrival, . . . .

Accordingly, husband waived any objection to the absence of a court reporter during the beginning of the November 5, 1998 hearing.  See Rule 5A:18.

## VII.  HOLD HARMLESS PROVISION

Husband argues that trial court's final order is flawed under various federal bankruptcy provisions and laws.  In its

-

order the trial court awarded husband real property located in Blacksburg, Virginia, and ordered wife to execute a deed conveying her marital interest in that property to husband. The trial court valued the Blacksburg property at $80,000, with a debt of $72,048, resulting in an equity value of $7,951. Accordingly, husband was ordered to pay wife $3,975, her marital share of the equity value.

In addition, the trial court noted that "[husband] shall hold [wife] harmless for the mortgage payment on said property and shall make a good faith effort to refinance the property thereby relieving [wife] and the parties' daughter[7] of the debt." On appeal, husband argues that this hold harmless provision violates federal bankruptcy laws.

Husband's claim of error is procedurally barred because he failed to make a timely objection to the trial court's ruling. See Rule 5A:18. At the November hearing, husband testified that he was going to refinance the Blacksburg property to get a lower interest rate and to release his daughter from any liability as a named party to the original deed. Because the trial court did not want to order husband to refinance the property if it was not possible, the court only required that he make a "good faith

---

[7] The evidence established that in addition to husband and wife the parties' daughter was named in the original deed of the Blacksburg property.

effort" to do so.  Additionally, the trial court ruled as follows:

> COURT:  And you will hold Mrs. Kost harmless from that debt.  For instance, if it was foreclosed on and there was a deficiency and they came after both of you, it's your responsibility to hold her harmless on that debt.
>
> MR. WOOD:  I would like the order to reflect that hold harmless to the extent that she would have to pay any of that debt, that would transfer into the nature of spousal support; and therefore, not dischargeable in bankruptcy.
>
> COURT:  So ordered.

Husband did not object to the trial court's ruling and, therefore, his argument is barred on appeal.  See Rule 5A:18.

## VIII.  HUSBAND'S MILITARY RETIREMENT

Lastly, husband argues that the trial court abused its discretion by requiring him to maintain the survivor benefit plan under his military retirement.  Husband did not object to the court's decision at that time and, therefore, his argument is barred on appeal.  Additionally, husband did not object at the December hearing when the parties were discussing the military pension.  Having failed to timely object, husband's argument is barred on appeal.  See Rule 5A:18.

## IX.  CONTINUATION OF SUPPORT

Husband argues that the trial court erred in requiring him to continue paying pendente lite support after the entry of the divorce decree and equitable distribution award.  Husband did

-

not raise this issue at any time during the proceedings and his only objection was raised in his exceptions to the order.

As noted above, the trial court expressly retained jurisdiction to determine permanent spousal support and, therefore, continued pendente lite support "until further modified." Because the trial court correctly reserved jurisdiction to further consider the issue, we find no abuse of discretion. See Rogers, 23 Va. App. at 715, 479 S.E.2d at 543; Zipf, 8 Va. App. at 390, 382 S.E.2d at 265.

For the foregoing reasons, the order of the trial court awarding equitable distribution of marital property and retaining jurisdiction for consideration of permanent spousal support is affirmed.

Affirmed.