COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Frank and Humphreys
Argued at Chesapeake, Virginia


JOSEPH MICHAEL RUSSELL

                                                  MEMORANDUM OPINION[*] BY
v.        Record No. 2559-11-1                    JUDGE ROBERT J. HUMPHREYS
                                                  JULY 17, 2012
NANCY LYNNE RUSSELL


        FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG AND
                         COUNTY OF JAMES CITY
                      Walter J. Ford, Judge Designate

            Joseph M. Russell, *pro se*.

            No brief or argument for appellee.


        Joseph Michael Russell ("father") appeals the November 15, 2011 order of the Circuit

Court for the City of Williamsburg and County of James City dismissing his motion to show

cause and motion to vacate orders relating to his divorce proceedings with Nancy Russell

("mother").  On appeal, father contends that the circuit court erred in (1) "[h]olding that the 29

July 2005 and 9 December 2005 Orders and the subsequent orders based upon those defective

judgments were valid," and (2) "[h]olding that the [circuit] court had jurisdiction to permit the

custodial parent's relocation that would modify the child visitation arrangements during the

pendency of an appealed custody and visitation order."  For the reasons that follow, we affirm.

                                    I.  Background

        Because this is an unpublished opinion that carries no precedential value, we recite only

those facts relevant to our ultimate disposition of the case.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Father and mother were married and had one son before they divorced. As part of the divorce proceedings, the Circuit Court of Fairfax County entered a custody order ("Custody Order") on May 20, 2005, which granted mother sole legal and physical custody. Father noted his appeal to the May 20, 2005 order.[1] This Court entered a per curium opinion on that appeal on October 3, 2006.

Meanwhile, on July 29, 2005, the circuit court entered a consent order (the "July 29 order") upon a "Motion for Enforcement of Visitation under the Custody Order" by mother. Subsequently, the father violated the July 29 order, and the court held him in contempt on November 29, 2005.

Mother then indicated that she would be moving with the son to Williamsburg to be near her family. Father filed a motion for an injunction to prevent the move. On November 28, 2005, the circuit court entered an order denying father's motion for an injunction. Mother subsequently moved with the son to Williamsburg.

On December 9, 2005, the circuit court entered an order (the "December 9 order") on a new motion for modification and rule to show cause from mother. Father was held in contempt for violating the December 9 order on January 23, 2006 and sentenced to jail until he submitted a written plan which detailed how he would comply with the court orders and obtain assistance by a mental health professional. A March 21, 2006 order released father from jail and ordered that he have no contact with his son. On March 31, 2006, the circuit court entered an order continuing the no-contact provision of the previous order.

---

[1] Father claims that he filed the notice of appeal on June 10, 2005. However, the notice of appeal is not contained in the joint appendix.

Father then moved for a change of custody. On December 15, 2007, the circuit court entered an order ruling on the motion, which, among other things, denied father's motion for a change of custody and set forth the continuing conditions of father's visitation rights.

On November 1, 2011, father filed a motion in the circuit court to vacate the July 29 and December 9 orders and all subsequent orders based upon them. The circuit court held a hearing and ultimately denied the motion in a November 15, 2011 order. Father filed a motion to reconsider, which the circuit court also denied. Father then noted this appeal.

II. Analysis

In his first assignment of error, father challenges the circuit court's "holding that the 29 July 2005 and 9 December 2005 Orders and the subsequent orders based upon those defective judgments were valid." Father's argument is that these two orders were void *ab initio*, and thus, he may challenge them at any time directly or collaterally. Therefore, he also challenges the orders entered on November 29, 2005, January 23, 2006, March 21, 2006, March 31, 2006, and December 15, 2007.

Father's characterization of these orders as void *ab initio* is incorrect. This Court and our Supreme Court have noted several times previously the distinction between orders that are void *ab initio* and those that are merely voidable. "A decree is void *ab initio* if it 'has been procured by extrinsic or collateral fraud, or entered by a court that did not have *jurisdiction over the subject matter* of the parties.' A void judgment may be attacked collaterally or directly in any court at any time." Rogers v. Damron, 23 Va. App. 708, 711, 479 S.E.2d 540, 541 (1997) (emphasis added) (quoting Rook v. Rook, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987)). "In contrast, an order is merely voidable if it contains reversible error made by the trial court." Singh v. Mooney, 261 Va. 48, 52, 541 S.E.2d 549, 551 (2001). "The distinction between an action of the court that is void *ab initio* rather than merely voidable is that the former involves

the underlying authority of a court to act on a matter whereas the latter involves actions taken by a court which are in error." Id. at 51, 541 S.E.2d at 551. Because the circuit court in this case had subject matter jurisdiction over the issue of child custody, the July 29 and December 9 orders were not void *ab initio*.

Father contends that the orders are void *ab initio* because the circuit court lacked jurisdiction over the case when he noted his appeal on June 10, 2005. It is true that the circuit court may have lacked the authority to enter the July 29, 2005 consent order, as jurisdiction at that point had passed to this Court:

> "The orderly administration of justice demands that when an appellate court acquires jurisdiction over the parties involved in litigation and the subject matter of their controversy, the jurisdiction of the trial court from which the appeal was taken must cease." This Court acquires jurisdiction over a case when the appeal is filed and docketed in the clerk's office of the Court. "Thus, while the trial court may enforce a support and custody order, it may not modify such order without leave of court."

Frazer v. Frazer, 23 Va. App. 358, 379-80, 477 S.E.2d 290, 300 (1996) (quoting Decker v. Decker, 17 Va. App. 562, 564, 440 S.E.2d 411, 412 (1994) (internal citations omitted)). However, this lack of "jurisdiction" did not deprive the circuit court of its *subject matter jurisdiction*. It is well established that "[s]ubject matter jurisdiction is the authority vested in a court by constitution or statute to adjudicate certain categories of disputes." Smith v. Commonwealth, 281 Va. 464, 467, 706 S.E.2d 889, 891 (2011).

> Significantly, however, the Supreme Court has "'emphasiz[ed] the necessary distinction to be drawn . . . between the power of a court to adjudicate a specified class of cases, commonly known as "subject matter jurisdiction," and the authority of a court to exercise that power in a particular case.'" As the Supreme Court has explained, "subject matter jurisdiction, perhaps best understood as the 'potential' jurisdiction of a court, is the authority granted to it by constitution or statute over a specified class of cases or controversies, and becomes 'active' jurisdiction, the power to adjudicate a particular case upon the merits, only when various elements are present."

Prizzia v. Prizzia, 58 Va. App. 137, 160, 707 S.E.2d 461, 472 (2011) (quoting Nelson v. Warden, 262 Va. 276, 281, 552 S.E.2d 73, 75 (2001); Ghameshlouy v. Commonwealth, 279 Va. 379, 388-89, 689 S.E.2d 698, 702-03 (2010)).

> While "the lack of subject matter jurisdiction can be raised at any time in the proceedings, even for the first time on appeal by the court *sua sponte*," "defects in the other jurisdictional elements generally will be considered waived unless raised in the pleadings filed with the trial court and properly preserved on appeal."

Id. at 161, 707 S.E.2d at 472 (quoting Porter v. Commonwealth, 276 Va. 203, 228, 229, 661 S.E.2d 415, 427, 427 (2008)).

In this case, child custody was an issue in the cause of action and in the relief sought as part of father's and mother's divorce proceedings. Thus, the circuit court had subject matter jurisdiction over the matter. See Rogers, 23 Va. App. at 711-12, 479 S.E.2d at 541 ("In Virginia, jurisdiction over divorce matters is statutorily-based. A court has jurisdiction over the subject matter if it has jurisdiction over the cause of action and of the relief sought."). When father noted his appeal, the circuit court lost its active jurisdiction, but his actions did not deprive the circuit court of its subject matter jurisdiction. Therefore, any orders entered in the circuit court during the pendency of the appeal would not be void *ab initio*, but rather, they would be voidable at best.

Even if we assume, without deciding, that these orders were voidable, father did not properly challenge them in the circuit court, and thus, he has waived any defects in them.

> A court has jurisdiction to err, as well as to correctly decide the issues presented in a case, and the remedy to correct an error by a trial court is to appeal the court's decision upon entry of a final order, not to collaterally attack the erroneous decision in a separate action.

Hicks v. Mellis, 275 Va. 213, 219, 657 S.E.2d 142, 145 (2008); Singh, 261 Va. at 52, 541 S.E.2d at 551 (noting that voidable "orders may be set aside by motion filed in compliance with Rule

1:1 or provisions relating to the review of final orders"). Here, father failed to timely challenge the July 29 and December 9, 2005 orders and all subsequent orders directly, and instead now contests them through his November 1, 2011 motion to vacate. Therefore, by not raising these issues in a timely manner in the circuit court, he failed to properly preserve his jurisdictional challenge and he has waived any jurisdictional defects that may exist in those orders. As such, the circuit court did not err in its holding, and we must affirm.

Father next challenges the circuit court's "[h]olding that the [circuit court] had jurisdiction to permit the custodial parent's relocation that would modify the child visitation arrangements during the pendency of an appealed custody and visitation order." Father's argument again relies on his assertion that the circuit court lacked jurisdiction to enter any orders during the pendency of an appeal to this Court. For the same reasons stated above, this argument fails as well.

### III. Conclusion

For the reasons enumerated above, the judgment of the circuit court is affirmed.

<u>Affirmed.</u>