Emma **JONES**, Plaintiff,

v.

Elliot **L. RICHARDSON**, Secretary,
Health, Education and Welfare,
Defendant.

Civ. A. No. 70–C–55–A.

United States District Court,
W. D. Virginia,
Abingdon Division.

Oct. 15, 1970.

R. C. Shannon, Shannon & Newman, Appalachia, Va., for plaintiff.

Birg E. Sergent, Asst. U. S. Atty., Roanoke, Va., for defendant.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This action comes before the court pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a decision of the Secretary of Health, Education and Welfare. The decision holds that Emma Jones is not entitled to widow's insurance benefits as a surviving divorced wife under section 202(e) (1) of the Social Security Act. On October 15, 1969 a hearing examiner determined that the claimant was entitled to the benefits she asks. However, on April 17, 1970 the Appeals Council on its own motion reviewed and reversed the hearing examiner's decision.

This court, in reviewing the Secretary's decision, may not set it aside if such decision is supported by substantial evidence. Willis v. Gardner, 377 F.2d 533 (4th Cir. 1967); Underwood v. Ribicoff, 298 F.2d 850 (4th Cir. 1962). The decision denying benefits to this claimant is not supported by substantial evidence.

An application for widow's insurance benefits was filed by the claimant on October 7, 1968. She stated on her application that her divorced husband was not contributing to her support and was not under a court order to contribute. Her claim was denied initially because she did not meet the support requirements of the Act. To be eligible for widow's insurance benefits, a divorced widow must have received from her former husband one half of her support or substantial contributions under a written agreement or court order. Sec-

tion 202(e) (1) of the Social Security Act.

A request for reconsideration was then filed which alleged there actually was a court order in effect directing the wage earner to pay claimant $12 per week. The claimant's attorney indicated that the Clerk of the County Court for Wise County, Virginia had the caption and number of the case but was unable to find the papers and orders that should have been in the court's file. The attorney filed a petition on behalf of the claimant with the County Court for Wise County to have the record reestablished as a lost order. The petition stated that the claimant secured the warrant, which was entered as docket no. 1282, and that the hearing on the action took place on February 10, 1953, wherein the wage earner was ordered to pay claimant $12 per week. An affidavit by the Superintendent of the Welfare Department was filed with the petition. He stated that his department had a notation in its records that a judge of the County Court was in the office in February, 1953 and stated that the claimant's husband had been ordered to pay his wife $12 weekly to be withheld from his salary by his employer. On April 8, 1969 the County Court for Wise County issued an order "that on the 10th day of February, 1953 there was in existence an order that the said William L. Jones pay unto his wife, Emma Jones, the sum of $12 weekly, and according to the records in my office, that said Order was never revoked but remains in full force and effect."

■ In reversing the hearing examiner's decision, the Appeals Council found that the evidence did not establish the existence of a court order in effect at the time of the wage earner's death. The Appeals Council found the recent court order and affidavits unconvincing. Instead reliance was placed on the answer by claimant in her first application that her husband had not been under a court order to contribute to her support. The decision of the Appeals Council is clearly not supported by substantial evidence. The Appeals Council considered lightly the court order and the affidavit. The records of the Welfare Department were made at a time when this action could not have been contemplated and by those who would not be benefited by falsification. The court order was founded on sufficient evidence to substantiate the claim.

■ The decision seems to be founded on claimant's incorrect answer in her first application and on a mistaken interpretation of the law. Claimant's husband moved to Kentucky and never complied with the order. In answering incorrectly, claimant could well have believed that the support order was no longer in effect. In any event the answers made in an application are not conclusive when substantial evidence is found to the contrary.

■ The Appeals Council mistakenly held that the Kentucky divorce decree of 1956 superseded the 1953 support order and thereby rendered it ineffective. Section 20-79 of the Va.Code provides that support orders entered under that Chapter in this State become inoperative upon the entry of a decree by a *court of record* in this State in a suit for divorce, where the decree provides for alimony or support money for the wife or children. The intent was clearly that only Virginia divorce decrees nullified Virginia support orders. Section 20-74 of the Virginia Code provides that support orders remain in effect until annulled or modified. No evidence has been produced to show that the 1953 support order was annulled or modified. While the Kentucky divorce does not make provision for alimony to the wife, no language of that decree conflicts with the Virginia support decree.

For the foregoing reasons, the decision of the Secretary is hereby reversed, and summary judgment granted in favor of the claimant.

The clerk is directed to send a certified copy of this opinion and judgment to counsel of record.