RAYMOND E. WERNER v. COMMONWEALTH OF VIRGINIA AND ANNA LEE WERNER.

January 17, 1972.

Record No. 7642.

Present, All the Justices.

*George F. Tidey* (*Tidey & Boice,* on brief), for appellant.

*Michael Armstrong* (*Mays, Valentine, Davenport & Moore,* on brief), for appellees.

COCHRAN, J., delivered the opinion of the court.

Raymond E. Werner appeals from a judgment order ruling that the Juvenile and Domestic Relations Court of Henrico County had continuing jurisdiction to require him to make support payments to his former wife after entry of a decree by the Circuit Court of Henrico County granting her a divorce *a vinculo matrimonii.*

On January 13, 1969, the Juvenile and Domestic Relations Court entered an order requiring Werner to pay his wife, Anna Lee Werner, $50 per week "for alimony". On August 14, 1969, the divorce *a mensa et thoro* awarded to Anna by decree of the Circuit Court entered June 26, 1969, was merged into a divorce *a vinculo.* Neither

decree included any reference to alimony or to the proceedings in the Juvenile and Domestic Relations Court.

On April 23, 1970, Werner filed a petition in the Juvenile and Domestic Relations Court for termination of alimony payments on the ground that Anna was regularly employed. After a hearing, the support order of January 13, 1969, was dismissed on the ground that the Juvenile and Domestic Relations Court no longer had jurisdiction in view of the decrees entered in the divorce proceeding in the Circuit Court. Upon appeal by Anna, the Circuit Court held that the Juvenile and Domestic Relations Court had erred in concluding that its jurisdiction had ceased. The case was ordered remanded to the Juvenile and Domestic Relations Court with directions to reinstate its order of support and thereafter "continue with jurisdiction. . .". From this final order we granted Werner an appeal.

Werner contends that Code § 20-61, et seq., under which the Juvenile and Domestic Relations Court entered the support order of January 13, 1969, continued jurisdiction in that court only so long as the parties remained husband and wife. He says that when Anna obtained a divorce decree in the Circuit Court without having provision therein made for alimony she lost her right to enforce the support order of the Juvenile and Domestic Relations Court. We do not agree.

We are here concerned with the statutory construction of portions of Chapter 5, entitled "Desertion and Nonsupport," of Title 20 of the Code. Section 20-61 empowers the court to impose criminal penalties upon a husband who fails to support his wife. Exclusive original jurisdiction in nonsupport cases is vested in juvenile and domestic relations courts by § 20-67. Section 20-71 provides for temporary support orders before trial and § 20-72 authorizes, in lieu of imposition of criminal penalties under § 20-61, entry of an order directing the husband to pay a certain sum or a percentage of his income to his wife, either directly or through the court.

Several sections of the chapter safeguard the continuity of support orders. Under § 20-68, such an order remains in effect and enforceable by the court which entered it until the order is reversed or modified on appeal. Section 20-74 provides that a support order remains in effect, subject to change or modification as circumstances may require, until annulled by the court of original jurisdiction or the court to which an appeal may be taken.

Section 20-79(a) and (b), dealing with the effect of divorce proceedings, provides as follows:

"(a) In any case where an order has been entered under the provisions of this chapter, directing a husband to pay any sum or sums of money for the support of his wife, or concerning the care, custody or maintenance of any child, or children, the jurisdiction of the court which entered such order shall cease and its orders become inoperative upon the entry of a decree by the court or the judge thereof in vacation in a suit for divorce instituted in any court of record in this State having jurisdiction thereof, in which decree provision is made for alimony or support money for the wife or concerning the care, custody or maintenance of a child or children, or concerning any matter provided in a decree in the divorce proceedings in accordance with the provisions of § 20-103.

"(b) In any suit for divorce the court in which same is instituted or pending, when either party to the proceedings so requests, shall provide in its decree for the maintenance, support, care or custody of the child or children, alimony if the same be sought, and counsel fees and other costs, if in the judgment of the court any or all of the foregoing should be so decreed."

(Section 20-103 hereinabove referred to, relating to pendente lite allowances, is inapplicable here.)

Section 20-121 provides, on merger of a decree for divorce from bed and board into a decree for divorce from the bonds of matrimony, as follows:

". . . but no final decree for divorce entered in such a case shall terminate or otherwise affect any restraining order, or order for the payment of costs, counsel fees, alimony or support money except as specifically provided in such decree."

We think it is clear from these statutes that a support order of a juvenile and domestic relations court continues in full force and effect notwithstanding the entry by a court of record of a divorce decree that is silent as to support. Either Werner or his wife could have asked the Circuit Court to make specific provision in the final divorce decree for allowance or denial of alimony. If such a provision had been included in the decree, the jurisdiction of the Juvenile and Domestic Relations Court would have ceased under § 20-79(a). See *Jones* v. *Richardson*, 320 F. Supp. 929, 930 (W.D. Va. 1970). But neither party sought to have such provision made.

Anna may have had cogent reasons for preferring to use the machinery of the Juvenile and Domestic Relations Court to enforce her right to support. Indeed, that such courts are particularly well equipped to supervise the collection of support payments from recalcitrant husbands is evidenced by the enactment of Code § 20-79(c), which authorizes courts of record to refer such matters to juvenile and domestic relations courts.

Werner's reliance upon *Perry* v. *Perry*, 202 Va. 849, 120 S.E.2d 385 (1961), and *Losyk* v. *Losyk*, 212 Va. 220, 183 S.E.2d 135 (1971), is misplaced. Those cases stand for the proposition that where no provision is made for alimony in a final divorce decree, and there is no outstanding support order, the cause may not be reopened to award alimony. They are inapposite to the present case where there was an outstanding support order which was never superseded by any provision of the final divorce decree.

We conclude that the lower court correctly ruled that the jurisdiction of the Juvenile and Domestic Relations Court continued unabated by entry of the divorce decree by the Circuit Court. Accordingly, the order appealed from is

*Affirmed.*