## CIRCUIT COURT OF HENRICO COUNTY

Lee M. O'Brien

v.

Jonathan A. O'Brien

August 12, 1980

Case No. 79-C-1078

By JUDGE E. BALLARD BAKER

By Order of November 19, 1979, this Court transferred "all matters, other than the issue of whether a divorce should be granted" to the Juvenile and Domestic Relations Court of Henrico County "to determine custody of the infant children of the parties, child support and spousal support."

The authority for this transfer is § 20-79(c).

Sections 20-68 and 20-74 both provide that support orders entered in a Juvenile Court remain in full force and effect until reversed or modified.

The only jurisdiction a Circuit Court has with respect to spousal or child support is when such is in issue in a divorce, a bill for separate maintenance or on an appeal from a Juvenile Court. When a Circuit Court in a divorce transfers jurisdiction on support to a Juvenile Court it does not transfer for the purposes of a temporary order with the Circuit Court to hold a separate and distinct hearing on support when a final decree is ready.

In this case, jurisdiction of support based upon a pending divorce was transferred to the Juvenile Court, by agreement of counsel. The support issues were heard

and disposed of in that Court and, like any other order, are subject to appeal or to modification in that Court.

*Werner* v. *Werner*, 212 Va. 623 (1972), makes it clear that a support order of a juvenile court "continues in full force and effect notwithstanding the entry. . . of a divorce decree that is silent as to support."

While § 20-79(b) does say that the Court in which a divorce is pending on request "shall provide in its decree" for spousal and child support, and counsel fees if proper, this Court has never construed this as an alternative to an appeal or modification of a Juvenile Court Order. If a party desires such provision in a divorce decree, this Court has adopted the terms of an agreement between them or would incorporate the provisions of an existing Juvenile Court order. § 20-79(b) is not an invitation to a second hearing on support.

The continuing jurisdiction of a Juvenile Court to modify child support provisions and the provisions of Chapter 5 stating that support orders entered pursuant to it remain in full force and effect until reversed or modified must be considered when § 20-79(b) is read.

To read the statutes as suggested by counsel could lead to two separate support hearings in every divorce case, one in the Juvenile Court when the divorce is begun and then later on in the Circuit Court at the time of a final decree.

Consequently, this Court will not enter any order contrary to the support provisions entered by the Juvenile Court, which it will do by agreement of counsel.

This Court will enter an order relating to counsel fees, exclusive of fees for the handling of the support hearing in the Juvenile Court.