# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

James Pugh Sawyer

v.

Barbara Lee Brinn Sawyer

April 3, 1984

Case No. (Chancery) CH-2938

## By JUDGE BERNARD G. BARROW

In this divorce case the Defendant has excepted to the Commissioner's rulings that (1) a prior separate maintenance award bars an award for spousal support, and (2) a request for equitable distribution in the Defendant's Answer is insufficient to obtain that relief. In my opinion, the Commissioner erred in his rulings on these issues.

Also, both parties except to an award of attorney's fees to the Defendant contending either that the award is too little or too much. In my opinion, the evidence is sufficient to support the Commissioner's finding on this issue and needs no further comment; however, a discussion of the first two issues follows.

### Does a Prior Decree Awarding Separate Maintenance Bar a Spousal Support Award in a Later Divorce?

The Defendant was awarded separate maintenance by this Court on April 15, 1983. That matter was referred to the Virginia Beach Juvenile and Domestic Relations District Court for enforcement and modification.

The Commissioner ruled that the "prior Decree should remain in full force and effect and if the Defendant herein was seeking additional spousal support, that jurisdiction of said matter was with the Juvenile and Domestic

Relations District Court." The Defendant excepted to this ruling.

In *Werner* v. *Commonwealth*, 212 Va. 623 (1972), the Supreme Court held that a support order of a juvenile and domestic relations court continues in full force and effect where a subsequent divorce decree between the parties is silent as to support. The Court pointed out that either party "could have asked the circuit court to make specific provision in the final divorce decree for allowance or denial of alimony." *Id.* at 625.

The Court relied on Va. Code § 20-79 for guidance. That section pertains to desertion and nonsupport proceedings and provides that the jurisdiction of a juvenile and domestic relations district court ceases upon the entry of a decree of divorce in a circuit court where the decree provides for support and maintenance. It also provides that in "any suit for divorce the court in which same is instituted or pending, when either party to the proceedings so request, shall provide in its decree for . . . maintenance for the spouse, if the same be sought."

For the same reasons a decree awarding separate maintenance to a spouse and referred to a juvenile and domestic relations district court for modification and enforcement does not preclude an award for spousal support in a subsequent divorce proceeding where requested by either party. Therefore, the Commissioner's ruling was in error.

### Is a Request for Equitable Distribution Contained In an Answer Sufficient to Obtain That Relief?

The Defendant's Answer asks the court "to determine her interests in all marital property pursuant to Sec. 20-107.3 and award her such relief as is appropriate under that section." The Commissioner ruled "that the Defendant did not file a proper motion for the matter to be heard on equitable distribution in accordance with General Chancery Order entered on July 1, 1982."

The General Chancery Order to which the Commissioner referred relates to divorce, annulment, affirmance and separate maintenance causes and outlines the inquiries to be made by Commissioners in Chancery to whom such matters are referred. Among other things, this order provides:

In order to provide for the orderly handling and disposition of those issues mentioned in Sec. 20-107.3 of the Code of Virginia of 1950, as amended, the *motion* therein permitted to be made by either party shall be (i) in writing, and (ii) shall set forth the specific relief sought (e.g. determination of legal title, and/or ownership and/or value: of real property, personal property, both real and personal property; determination of separate and marital property; partition of any property and the description; and whether a monetary award is sought), and (iii) shall be filed in the cause *prior* to the entry of any order of reference to a commissioner in chancery.

Va. Code § 20-107.3 provides that "upon decreeing a divorce. . . the court, upon motion of either party, shall determine the legal title as between the parties . . . of all real and personal property."

The purpose of the language in the General Chancery Order requiring that the motion be in writing is to assure that the Commissioner and opposing counsel are apprised of it prior to the hearing. This, in turn, assures that the necessary inquiries will be made and all of the issues fully considered.

The General Chancery Order is not in conflict with the Statute, but simply implements it and is consistent with it. However, there is no authority which suggests that a failure to comply with the provisions of the General Chancery Order bars a party from proceeding to obtain the statutorily provided relief.

The Commissioner, if necessary and appropriate, may delay any proceedings for that period of time that might be necessary to assure that the motion is properly filed and all of the necessary inquiries may be made. The Commissioner, however, may not bar such a proceeding. Therefore, the Commissioner erred in not allowing the Defendant to proceed on her request for equitable distribution.

This matter should now be referred [back] to the Commissioner for further hearings in accordance with this Opinion.