COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Elder and Bray
Argued at Salem, Virginia


STEVEN JEROME REID, SR.
                                            OPINION BY
v.   Record No. 0715-96-3            JUDGE RICHARD S. BRAY
                                        FEBRUARY 4, 1997
DEBBIE KNOX REID


             FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                      James F. Ingram, Judge

             Stacey W. Moreau (Williams, Stilwell,
             Morrison, Williams and Light, on brief), for
             appellant.

             Barbara Hudson for appellee.



     Steven Jerome Reid, Sr. (husband) and Debbie Knox Reid

(wife) were divorced by a decree of the trial court which also

"revoked" a preexisting order awarding spousal support to wife.

Acting on the subsequent petition of wife, the court amended the

decree to reinstate the prior support order.  Husband appeals,

contending that the court was without jurisdiction to restore the

earlier award.  We disagree and affirm the amended decree.

     The relevant procedural history is uncontroverted.  In a

proceeding unrelated to the subject cause, the trial court, on

August 18, 1994, awarded wife both child and spousal support

incidental to husband's appeal of a like order from the juvenile

and domestic relations district court (district court).  Husband

was required to pay wife spousal support "of $50.00 per week

commencing . . . August 15, 1994, . . . until further order of

the Court," and "all future matters of support" were referred to

the district court.

On June 7, 1995, husband commenced the instant suit, seeking divorce a vinculo matrimonii from wife pursuant to Code § 20-91(9) and praying, inter alia, "that the Court decree that the [parties] be perpetually protected in their persons and property." Husband's bill of complaint did not specifically mention spousal support or reference the earlier, continuing award. Although the complaint, together with a notice of attendant depositions, was personally served upon wife, she neither responded nor appeared at the scheduled hearing. In accordance with husband's prayer, the trial court entered a decree of divorce on October 18, 1995, and further decreed that "any and all prior orders with regard to spousal support are hereby revoked."

On November 7, 1995, wife moved the court to "set aside" that provision of the decree relating to spousal support. Following a contested hearing on the issue, the court ordered that the disputed "revocation" of spousal support be "stricken from the final decree" and awarded wife "all support arrearage that [had] accrued" on the preexisting order. Husband appeals, arguing that the court was without jurisdiction to amend the decree to reinstate the prior award of spousal support.[1]

---

[1]Wife contends that the record is insufficient to permit appellate review. We disagree and address the merits of the appeal. See Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986).

Code § 20-79(b) confers jurisdiction upon a trial court adjudicating a divorce to "provide in its decree for the . . . support and maintenance [of] the spouse," upon the "<u>requests</u>" of "either party to the proceedings." <u>Id.</u> (emphasis added); <u>see also</u> Code §§ 20-103(A), -107.1. Clearly, the "exercise of such power remains dependent upon the pleadings having raised the issue." <u>Boyd v. Boyd</u>, 2 Va. App. 16, 19, 340 S.E.2d 578, 580 (1986). This well established principle recognizes that the "office of pleadings is to give notice to the opposing party of the nature and character of the claim, without which the most rudimentary due process safeguards would be denied." <u>Id.</u> Thus, a decree entered "in the absence of pleadings upon which to found the same . . . is void." <u>Potts v. Mathieson Alkali Works</u>, 165 Va. 196, 207, 181 S.E. 521, 525 (1935).

Moreover, the "special statutory power to grant divorces" and afford related relief was "conferred upon [the] courts" by the legislature. <u>Erickson-Dickson v. Erickson-Dickson</u>, 12 Va. App. 381, 387, 404 S.E.2d 388, 392 (1991). "'It is elementary . . . that neither courts of law nor equity have any inherent power to dissolve marriage. The power to decree a divorce is purely statutory.'" <u>Blankenship v. Blankenship</u>, 125 Va. 595, 598, 100 S.E. 538, 539 (1919) (quoting <u>Rumping v. Rumping</u>, 91 P. 1057 (1907)); <u>see</u> <u>Day v. Day</u>, 8 Va. App. 346, 348, 381 S.E.2d 364, 365-66 (1989). Therefore, unless the "prerequisites necessary for exercising that jurisdiction" are "specifically

pled[,] . . . the proceedings [are] a nullity."  Erickson-Dickson, 12 Va. App. at 387, 404 S.E.2d at 392; see also Rogers v. Damron, ___ Va. App. ___, ___, ___ S.E.2d ___, ___ (1997) (subject matter jurisdiction requires jurisdiction over the attendant relief).

Here, husband's bill of complaint properly invoked the court's jurisdiction to decree the divorce.  However, the absence of a specific request for an adjudication of spousal support precluded the court from obtaining jurisdiction over that subject matter.  See Rogers, ___ Va. App. at ___, ___ S.E.2d at ___. Husband's vague prayer that the court "decree that the plaintiff and defendant be perpetually protected in their persons and property" was insufficient to raise the issue.  See Boyd, 2 Va. App. at 19, 340 S.E.2d at 580.

Accordingly, the purported revocation of "all prior orders with regard to spousal support" was a nullity and, contrary to husband's contention, Rule 1:1 did not affect the authority of the court to correct a void provision of its original decree. See also Code § 8.01-428(A)(ii).  A judgment void ab initio for want of jurisdiction "may be attacked in any court at any time, directly or collaterally."  Rook v. Rook, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987); see Morse v. Commonwealth, 6 Va. App. 466, 468, 369 S.E.2d 863, 864 (1988).

Husband's assertion that the earlier order of spousal support terminated by operation of law upon entry of the divorce

decree is also without merit.  An existing order of spousal support survives a subsequent decree of divorce which is silent on the issue.  See Werner v. Werner, 212 Va. 623, 624-25, 186 S.E.2d 76, 77-78 (1972); see also Code §§ 16.1-244(A), 20-79(a); Martin v. Bales, 7 Va. App. 141, 145-46, 371 S.E.2d 823, 826 (1988).  As the Court instructed in Werner, either party, by proper pleading, "could have asked the Circuit Court to make specific provision in the final divorce decree for allowance or denial of [spousal support].  If such a provision had been included in the decree, the jurisdiction of the [district court] would have ceased under § 20-79(a)."  Werner, 212 Va. at 625, 186 S.E.2d at 78; see also Code § 16.1-244(A).  However, because "neither party sought to have such provision made," the preexisting support order "continue[d] in full force and effect."  Werner, 212 Va. at 625, 186 S.E.2d at 78.

Accordingly, we affirm the decree.

Affirmed.