COURT OF APPEALS OF VIRGINIA


Present:    Judges Frank, Beales and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


DONALD F. DELINE
                                                MEMORANDUM OPINION[*] BY
v.        Record No. 2801-09-1                   JUDGE ROBERT P. FRANK
                                                    AUGUST 31, 2010
ELIZABETH BAKER


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                         A. Joseph Canada, Jr., Judge

            Samuel R. Brown, II, for appellant.

            James A. Evans (Evans & Bryant, P.L.C., on briefs), for appellee.


        Donald F. DeLine, father, appeals a judgment of the circuit court which found that the

juvenile and domestic relations district court had not lost jurisdiction to determine matters

involving child support, ruling the circuit court never assumed jurisdiction in the divorce

proceeding.  For the reasons stated, we find no error.[1]

                                    BACKGROUND

        On January 5, 2000, the juvenile and domestic relations district court (juvenile court) for

the City of Virginia Beach ordered father to pay $233.20 per week for the support of the parties'

two minor children.  Subsequently, that court established arrearage at $6,455.44 and ordered

weekly payments toward the arrearage by order dated September 19, 2002.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] At oral argument, we requested counsel to file supplemental briefs to address whether
the circuit court had subject matter jurisdiction to address matters involving child support.

On October 22, 2002, Elizabeth Baker (mother) filed a bill of complaint in the Circuit Court for the City of Virginia Beach seeking a divorce from father. The prayer for relief did not seek child or spousal support, or a determination of custody or visitation.

The matter was referred to a commissioner in chancery, and evidence was heard on March 26, 2003. Mother testified there were outstanding orders in the juvenile and domestic relations district court and she wanted them to remain "in place." She further acknowledged father was in arrears of $8,525.96 for child support and $1,126.55 for medical expenses. However, she wanted no judgment entered for those sums.

The commissioner, in his report filed April 8, 2003, reported *inter alia* that "The issue of child support should be reserved to the Virginia Beach Juvenile & Domestic Relations District Court" but then recommended mother should provide health insurance for the children and that both parties should share equally in uncovered medical and dental expenses. The commissioner also reported a child support arrearage of $8,525.96 and $1,126.55 for medical expense reimbursement. No exceptions were filed to the commissioner's report.

The final decree, entered July 30, 2003, awarded custody to mother, with visitation to father, and denied spousal support to each party, based on their mutual waiver. It further provided:

> ADJUDGED, ORDERED and DECREED that child support is reserved. Per the Commissioner in Chancery's report, the [father] has an arrearage of $8,525.96 through the date of the hearing; and it is further,
>
> ADJUDGED, ORDERED and DECREED that the [mother] shall pay the monthly premium for medical insurance coverage for the minor children, and that the parties are to equally split any non-covered medical expenses. Per the Commissioner in Chancery's report, the [father] has a balance of $1,126.55 for medical expenses through the date of the hearing, which are to be reimbursed to the [mother]; and it is further

> \* \* \* \* \* \* \*

> ADJUDGED, ORDERED and DECREED that pursuant to
> § 20-79(c) of the Code of Virginia, 1950, as amended, that all
> further matters pertaining to the enforcement and/or modification
> of child support, custody and visitation should be transferred to the
> Virginia Beach Juvenile and Domestic Relations District Court for
> all further action as may be deemed appropriate.

The final decree was endorsed by mother, "I Ask For This" and was not appealed.

Thereafter, the juvenile court, on October 22, 2003, February 2, 2004, and June 9, 2005, found father in contempt, set arrearages, and sentenced father to varying terms of incarceration. None of these orders were appealed.

On April 30, 2009, mother filed a show cause motion with the juvenile court, alleging arrearage. On August 14, 2009, father filed a motion to dismiss and a motion to vacate, alleging that because jurisdiction remained with the Circuit Court of the City of Virginia Beach, having reserved child support jurisdiction, the juvenile court had no jurisdiction to enter the October 22, 2003, February 2, 2004, and June 9, 2005 contempt orders.

The juvenile court denied father's motion, finding father in contempt and setting arrearage at $53,021.32. Father appealed this ruling to the circuit court. In response, mother filed a motion for summary judgment, asking that the appeal be dismissed, averring that the circuit court, in the divorce action, made no adjudication as to child support and therefore did not assume jurisdiction as to child support, leaving jurisdiction with the juvenile court.

After a hearing, the circuit court found the divorce action did not divest the juvenile court of jurisdiction to determine child support and that the three juvenile court contempt orders were valid and enforceable.

This appeal follows.

ANALYSIS

Father argues since the circuit court, in the divorce action, assumed jurisdiction over child support, that action divested the juvenile court from any jurisdiction to hold him in contempt and set arrearages. Mother responds that since the circuit court, in the divorce action, never had subject matter jurisdiction over child support, jurisdiction in juvenile court continued. Our analysis, therefore, addresses the effect of the circuit court's final decree on the juvenile court's jurisdiction.

Code § 16.1-244(A) states in part:

> However, when a suit for divorce has been filed in a circuit court, in which the custody, guardianship, visitation or support of children of the parties or spousal support is raised by the pleadings and a hearing, including a *pendente lite* hearing, is set by the circuit court on any such issue for a date certain or on a motions docket to be heard within 21 days of the filing, the juvenile and domestic relations district courts shall be divested of the right to enter any further decrees or orders to determine custody, guardianship, visitation or support when raised for such hearing and such matters shall be determined by the circuit court unless both parties agreed to a referral to the juvenile court. Nothing in this section shall deprive a circuit court of the authority to refer any such case to a commissioner for a hearing or shall deprive the juvenile and domestic relations district courts of the jurisdiction to enforce its valid orders prior to the entry of a conflicting order of any circuit court for any period during which the order was in effect or to temporarily place a child in the custody of any person when that child has been adjudicated abused, neglected, in need of services or delinquent subsequent to the order of any circuit court.

Code § 20-79(a) provides:

> In any case where an order has been entered under the provisions of this chapter, directing either party to pay any sum or sums of money for the support of his or her spouse, or concerning the care, custody or maintenance of any child, or children, the jurisdiction of the court which entered such order shall cease and its orders become inoperative upon the entry of a decree by the court or the judge thereof in vacation in a suit for divorce instituted in any circuit court in this Commonwealth having jurisdiction thereof, in which decree provision is made for support and maintenance for the spouse or concerning the care, custody or

maintenance of a child or children, or concerning any matter provided in a decree in the divorce proceedings in accordance with the provisions of § 20-103.

Here, the final decree of divorce addresses support and maintenance of the children in several aspects. It reserved child support; it found a child support arrearage; it addressed medical insurance and "non-covered medical expenses"; and it transferred to the juvenile court "further matters pertaining to the enforcement and/or maintenance of child support, custody and visitation . . . ."

However, it must be remembered that in the complaint for divorce mother only asked for a divorce and resumption of her maiden name. The pleadings did not include a prayer for support and maintenance, custody or visitation.

As the Supreme Court of Virginia concluded in Potts v. Mathieson Alkali Works, 165 Va. 196, 181 S.E. 521 (1935):

> The basis of every right of recovery under our system of jurisprudence is a pleading setting forth facts warranting the granting of the relief sought. It is the *sine qua non* of every judgment or decree. No court can base its decree upon facts not alleged, nor render its judgment upon a right, however meritorious, which has not been pleaded and claimed. Pleadings are as essential as proof, the one being unavailing without the other. A decree cannot be entered in the absence of pleadings upon which to found the same, and if so entered it is void.

Id. at 207, 181 S.E. at 525 (citations omitted).

In Virginia, jurisdiction over divorce matters is statutorily based. Rogers v. Damron, 23 Va. App. 708, 711, 479 S.E.2d 540, 541 (1997). A court has jurisdiction over the subject matter if it has jurisdiction over the cause of action and of the relief sought. Id. at 712, 479 S.E.2d at

541. Here, the circuit court lacked subject matter jurisdiction to grant relief not sought by either party to the divorce action.[2]

Orders entered without subject matter jurisdiction are void and may be challenged "'directly or collaterally by all persons, anywhere, at any time, or in any manner.'" Singh v. Mooney, 261 Va. 48, 52, 541 S.E.2d 549, 551 (2001) (quoting Barnes v. American Fertilizer Co., 144 Va. 692, 705, 130 S.E. 902, 906 (1925)).

In Boyd v. Boyd, 2 Va. App. 16, 340 S.E.2d 578 (1986), we reversed an award of spousal support when that relief was not pled. We held a divorce court's authority "does not extend to an award or relief not raised by the pleading." Id. at 19, 340 S.E.2d at 580.

In Reid v. Reid, 24 Va. App. 146, 480 S.E.2d 771 (1997), husband's bill of complaint did not specifically reference spousal support, yet the final decree revoked all prior spousal support orders. Wife moved to set aside the provisions of the final decree relating to the revocation of spousal support, and the trial court so ordered. Id. at 149, 480 S.E.2d at 772. This Court agreed, stating that issues relating to spousal support were not properly pled in husband's bill of complaint. Id. at 150, 480 S.E.2d at 773. "[T]he absence of a specific request for an adjudication of spousal support precluded the court from obtaining jurisdiction over that subject matter." Id.

---

[2] While there is authority that distinguishes subject matter jurisdiction from the authority to exercise that jurisdiction, i.e., Nelson v. Warden, 262 Va. 276, 552 S.E.2d 73 (2001), and Ghameshlouy v. Commonwealth, 279 Va. 379, 391, 689 S.E.2d 698, 704 (2010), the parties never raised that distinction in oral argument or on brief. Therefore, we will not consider this issue on appeal. See Mullins v. Commonwealth, 39 Va. App. 728, 733, 576 S.E.2d 770, 772 (2003) ("On appeal, we [will] consider only the issues raised."); see also Richardson v. Moore, 217 Va. 422, 423 n.1, 229 S.E.2d 864, 865 n.1 (1976) (stating the Court would "express no opinion" on a particular question because that question was "not raised on appeal").

We affirmed the principles of <u>Boyd</u> and <u>Reid</u> in <u>Fadness v. Fadness</u>, 52 Va. App. 833, 667 S.E.2d 857 (2008).[3]  There, we restated the principle that without a specific request for an adjudication of spousal support, a court cannot obtain jurisdiction over that subject matter.  <u>Id.</u> at 843, 667 S.E.2d at 862.

In his supplemental brief, father attempts to distinguish <u>Reid</u> by noting wife did, in fact, ask for the relief granted by the trial court, i.e., matters pertaining to child support, by endorsing the final decree "I Ask For This."  Citing <u>Manns v. Commonwealth</u>, 13 Va. App. 677, 679-80, 414 S.E.2d 613, 615 (1992), father concludes mother cannot now take an inconsistent position by arguing such relief was not requested.[4]

Father's argument misses the mark in several significant respects.  First, an endorsement of an order is not a prayer for relief in a pleading.  <u>See</u> <u>Baylor v. Commonwealth</u>, 190 Va. 116, 121, 56 S.E.2d 77, 79 (1949) ("Webster's New International Dictionary, 2d Ed., defines 'pleadings' as, '[t]he successive statements, now usually written, by which the plaintiff sets forth his cause and claim, and the defendant his defense.'"); <u>Burch v. Grace Street Bldg. Corp.</u>, 168 Va. 329, 341, 191 S.E. 672, 677 (1937) ("Pleadings are the allegations made for the purpose of

---

[3] Under the interpanel accord doctrine, the "decision of one panel 'becomes a predicate for application of the doctrine of *stare decisis*' and cannot be overruled except by the Court of Appeals sitting *en banc* or by the Virginia Supreme Court."  <u>Clinchfield Coal Co. v. Reed</u>, 40 Va. App. 69, 73, 577 S.E.2d 538, 540 (2003) (citation omitted).

[4] Father made this argument at trial.  While conceding the bill of complaint's prayer did not request any determination of child support, and further conceding the final decree should have only granted the divorce, he contended wife's endorsement of the final decree "I Ask For This" conferred jurisdiction for the circuit court to address child support issues in the final decree.
Similarly, mother argued below that the trial court had no subject matter jurisdiction because the bill of complaint did not pray for the relief granted and alternatively that the circuit court had no authority to exercise subject matter jurisdiction.  With these issues before it, the trial court concluded the final decree did not divest the juvenile court of the "support issue."

definitely presenting the issue or issues to be tried and determined."). Second, this argument is premised on mother being estopped from raising subject matter jurisdiction. However,

> [j]urisdiction of the subject matter cannot be obtained by consent of the parties, waiver or estoppel. The subjects over which the various courts of this State shall have jurisdiction, if not fixed by the Constitution, shall be determined only by the legislature, and a judgment rendered outside of the jurisdiction so conferred is void.

Lucas v. Biller, 204 Va. 309, 313, 130 S.E.2d 582, 585 (1963). Thus, father's contention that mother agreed to the action of the trial court in assuming jurisdiction over matters of child custody fails.

Having concluded the circuit court, in its final decree entered July 30, 2003, had no subject matter jurisdiction to address child support, those portions of the final decree are a nullity and void. Therefore, the juvenile court was not divested of its jurisdiction to enter the contempt orders of October 22, 2003, February 2, 2004, and June 9, 2005. The support order of the juvenile court was not terminated by operation of law. "An existing order of spousal support survives a subsequent decree of divorce which is silent on the issue." Reid, 24 Va. App. at 151, 480 S.E.2d at 773 (citing Werner v. Commonwealth, 212 Va. 623, 624-25, 186 S.E.2d 76, 77-78 (1972)). As the Supreme Court explained in Werner, either party, by proper pleading, "could have asked the Circuit Court to make specific provision in the final divorce decree for allowance or denial of [support]. If such a provision had been included in the decree, the jurisdiction of the [district court] would have ceased under § 20-79(a)." 212 Va. at 625, 186 S.E.2d at 78; see also Code § 16.1-244(A). However, because "neither party sought to have such provision made," the preexisting support order "continue[d] in full force and effect." Werner, 212 Va. at 625, 186 S.E.2d at 78.

We conclude the final decree did not divest the juvenile court of its jurisdiction to hear matters concerning child support, which would include contempt and establishing arrearages.[5] The circuit court did not err in finding the juvenile court contempt orders were valid because the circuit court did not assume jurisdiction over child support.[6]

Affirmed.

---

[5] Wife filed a motion to remand this matter to the trial court to correct the final decree pursuant to Code § 8.01-428(B), contending there was a clerical error when the court included provisions addressing child support "by error." Code § 8.01-428(B) allows for correction of a judgment for "errors therein arising from oversight or from an inadvertent omission." That section does not allow corrections for errors of law. Therefore, we deny the motion.

[6] Since we find the circuit court had no subject matter jurisdiction to address any matter involving child support, we need not interpret the "transfer" language of the final decree.