COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges Beales, Alston and Senior Judge Haley
Argued at Richmond, Virginia


THADDEUS ANTHONY RUANE

MEMORANDUM OPINION[*] BY
v.      Record No. 1285-15-2      JUDGE RANDOLPH A. BEALES
NOVEMBER 22, 2016

CYNTHIA ANN RUANE


FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
Joseph J. Ellis, Judge

Mary Elizabeth White for appellant.

Darcey Geissler for appellee.


Thaddeus Anthony Ruane ("husband") appeals the circuit court's entry of the final decree

of divorce. Specifically, husband presents three assignments of error: (1) the circuit court erred

when it awarded spousal support to Cynthia Ann Ruane ("wife") in the final decree of divorce,

(2) the circuit court erred when it incorporated the parties' 2010 separation agreement into the

*pendente lite* order,[1] and (3) the circuit court erred in granting attorney's fees and costs at trial to

wife. For the following reasons, we affirm the circuit court in part, reverse the circuit court in part,

and remand for further proceedings consistent with this opinion.

I. BACKGROUND

Under settled principles of appellate review, we view the evidence in the light most

favorable to wife, as the party prevailing below, Chretien v. Chretien, 53 Va. App. 200, 202, 670

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The *pendente lite* order was entered by the Honorable J. Howe Brown, Jr., Judge
Designate.

S.E.2d 45, 46 (2008), and we grant to wife "all reasonable inferences fairly deducible therefrom," Anderson v. Anderson, 29 Va. App. 673, 678, 514 S.E.2d 369, 372 (1999). So viewed, husband and wife were married on June 20, 1987 and had three children together (each child has now reached the age of majority). Husband retired from the United States Marine Corps and was employed at the time of the trial by the Department of Defense. Wife was employed by a care facility for senior citizens at the time of the trial. In March 2010, the parties separated. The parties then signed a separation agreement ("the separation agreement") on March 18, 2010. The parties subsequently reconciled, but their reconciliation was ultimately unsuccessful. On December 1, 2013, the parties formed the intention to remain permanently separated, and they have lived separate and apart without cohabitation and without interruption since that date.

Wife filed for divorce on adultery grounds on March 21, 2014. Her complaint requested the incorporation of the terms of the separation agreement into a final decree of divorce. Wife also filed a motion for *pendente lite* relief on March 21, 2014, and she asked the circuit court to incorporate the terms of the separation agreement into any order granting *pendente lite* relief. Husband filed objections to wife's request to incorporate the separation agreement into an order for *pendente lite* relief or a final decree of divorce. Husband argued that the separation agreement had been abrogated by the parties' subsequent reconciliation. Judge J. Howe Brown, Jr. presided over the hearing dealing with *pendente lite* relief on May 8, 2014. The circuit court entered its order for *pendente lite* relief on May 18, 2014, and that order incorporated the terms of the separation agreement. Pursuant to those terms, the circuit court ordered husband to pay 75% of his paycheck to wife each month in spousal support (or the amount of $7,500, whichever was greater), found that husband owed wife an arrearage of $12,984 in spousal support, to be

paid within 75 days, ordered husband to provide wife with 50% of his military retirement payments, and awarded wife $4,601.74 in attorney's fees and costs.

Husband filed his complaint for divorce on December 3, 2014 on the grounds that the parties had lived separate and apart, without interruption or cohabitation, for a period in excess of one year. Husband requested equitable distribution of the parties' marital property and asked the circuit court to "make an appropriate award of spousal support." Wife filed an answer to husband's complaint on January 30, 2015. In her answer, wife requested attorney's fees and costs incurred in defense of husband's complaint. On February 6, 2015, the circuit court consolidated the two matters. A hearing was held on March 24, 2015 before Judge Joseph J. Ellis. The parties then filed post-trial briefs. After an additional hearing post-trial on May 28, 2015, the circuit court entered a final decree of divorce on July 23, 2015.

The circuit court granted a divorce to husband on the ground that the parties had lived separate and apart without cohabitation and without interruption for more than one year. The circuit court declined to incorporate the terms of the separation agreement into the final decree. The circuit court specifically found that the separation agreement had been abrogated and "rendered unenforceable" by the parties' subsequent reconciliation. The circuit court then ordered husband to pay wife $4,000 per month in spousal support, citing husband's conduct in the breakdown of the marriage, his superior earning capacity, and the fact that his current income was greater than wife's income. The circuit court also ordered husband to pay wife $25,000 in attorney's fees, citing wife's good-faith pursuit of a divorce based on adultery, the economic disparity of the parties, and husband's "significant negative non-monetary contributions leading to the dissolution of the marriage." An amended final decree of divorce was entered on December 4, 2015. That amended decree "ratified, affirmed, and incorporated as though fully

- 3 -

set out herein" the final decree entered July 23, 2015, and made the amended decree "the final order of this Court."

## II. ANALYSIS

### A. AWARD OF SPOUSAL SUPPORT TO WIFE

Husband contends that the circuit court lacked jurisdiction to award spousal support to wife because wife's complaint for divorce made no request for spousal support. "Fundamental rules of pleading provide that no court can base its judgment or decree upon a right which has not been pleaded and claimed." Boyd v. Boyd, 2 Va. App. 16, 18, 340 S.E.2d 578, 580 (1986). In divorce cases, "the absence of a specific request for an adjudication of spousal support [precludes courts] from obtaining jurisdiction over that subject matter." Reid v. Reid, 24 Va. App. 146, 150, 480 S.E.2d 771, 773 (1997). Husband contends that wife's complaint for divorce failed to request an award of spousal support. Alternatively, husband alleges that, even if wife's complaint had specifically requested spousal support, her subsequent failure to prove a divorce on the grounds of adultery meant that wife had no valid pleading for divorce before the circuit court upon which the circuit court could base its award of spousal support to her.

Pursuant to Code § 20-79(b):

> In any suit for divorce, the court in which the suit is instituted or pending, *when either party to the proceedings so requests, shall provide in its decree* for the maintenance, support, care or custody of the child or children in accordance with Chapter 6.1 (§ 20-124.1 et seq.), *support and maintenance for the spouse*, if the same be sought, and counsel fees and other costs, if in the judgment of the court any or all of the foregoing should be so decreed.

(Emphasis added). In Werner v. Commonwealth, 212 Va. 623, 186 S.E.2d 76 (1972), the Supreme Court held:

> [A] support order of a juvenile and domestic relations court continues in full force and effect notwithstanding the entry by a court of record of a divorce decree that is silent as to support. *Either Werner or his wife* could have asked the Circuit Court to

- 4 -

> make specific provision in the final divorce decree *for allowance or denial* of alimony. If such a provision had been included in the decree, the jurisdiction of the Juvenile and Domestic Relations Court would have ceased under § 20-79(a). But neither party sought to have such provision made.

Id. at 625, 186 S.E.2d at 78 (emphasis added). Therefore, the Supreme Court held in Werner that *either* spouse could have petitioned the circuit court for a provision in the final decree awarding spousal support (or, as it was called at that time, alimony). Id.

Furthermore, this Court has already explained that the Supreme Court's holding in Werner also applies in the context of spousal support:

> As the Court instructed in Werner, either party, by proper pleading, "could have asked the Circuit Court to make specific provision in the final divorce decree for allowance or denial of [spousal support]. If such a provision had been included in the decree, the jurisdiction of the [district court] would have ceased under § 20-79(a)." Werner, 212 Va. at 625, 186 S.E.2d at 78; see also Code § 16.1-244(A). However, because "neither party sought to have such provision made," the preexisting support order "continued in full force and effect." Werner, 212 Va. at 625, 186 S.E.2d at 78.

Reid, 24 Va. App. at 151, 480 S.E.2d at 773 (alterations in Reid). Thus, under the Supreme Court's decision in Werner (and this Court's decision in Reid), *either party* can request the circuit court for a provision in a final divorce decree awarding spousal support.

Husband relies on Harrell v. Harrell, 272 Va. 652, 636 S.E.2d 391 (2006), and Wroblewski v. Russell, 63 Va. App. 468, 759 S.E.2d 1 (2014), to argue that wife's failure to prove a divorce on adultery grounds divested the circuit court of jurisdiction to award her spousal support. In Harrell, Mrs. Harrell's complaint requested spousal support, but that complaint was dismissed upon Mr. Harrell's motion because it had been filed before the passage of time required by statute. 272 Va. at 654-55, 636 S.E.2d at 393. Likewise, in Russell, the circuit court granted husband's motion to strike wife's complaint for divorce at the conclusion of wife's evidence. 63 Va. App. at 474, 759 S.E.2d at 4.

We find that <u>Harrell</u> and <u>Russell</u> are inapposite where, as here, a valid pleading of a party requesting the adjudication of the issue of spousal support remained before the circuit court at the time it entered the final decree of divorce.

In this instance, husband's own complaint for divorce, filed eight months after wife's complaint, represented to the circuit court, "[T]here are issues for the court to determine regarding property and support." In addition, husband's complaint specifically requested the following relief: "That the Court make an appropriate award of spousal support." In the context of this litigation, given that husband has always been the breadwinner throughout the marriage and given that the evidence showed that he currently had more income in one month than she earned in an entire year, husband's statement in his pleading must be understood as a request for the circuit court to determine the amount of his spousal support obligation to wife.[2] In addition, husband maintained up through the trial a willingness to pay spousal support *to wife* ("My position on spousal support is *I want to pay my wife what she deserves*, what is fair and right. We were married a very, very long time. She followed me around the Marine Corps. She sacrificed just like I did. I just want to pay what is fair." (emphasis added)). Husband's testimony at trial contained a specific request that the circuit court award to wife "Two thousand dollars a month" in spousal support. Finally, husband concedes in his opening brief that "Husband's Complaint raises Spousal Support." Husband's Br. at 15. Based on the pleadings filed and the issues litigated by the parties, the circuit court found that an award of $4,000 to wife in monthly spousal support was appropriate based on the parties' evidence.

---

[2] Husband filed his own complaint for divorce several months after the circuit court had ordered him to pay to wife a minimum of $7,500 in *pendente lite* spousal support per month – an order husband now contests in this appeal. Because husband has maintained throughout the litigation and on appeal that such payments were excessive, husband would have every reason to request in *his complaint* for divorce that the trial court's final decree of divorce should include "an appropriate award of spousal support" to wife to reduce his support obligation in the future.

- 6 -

At the time of the entry of the final decree of divorce in this case, husband's request for the adjudication of the issue of spousal support was properly before the circuit court by way of his complaint for divorce. In divorce cases, it is "the absence of a specific request for an adjudication of spousal support [that precludes courts] from obtaining jurisdiction over that subject matter." Reid, 24 Va. App. at 150, 480 S.E.2d at 773. Both Harrell and Russell are different from the situation in this case because the complaints for divorce in those cases, once struck by the court, were the *only* pleadings requesting an award of spousal support to the wife.[3] Accordingly, we find that husband's request in his own complaint for divorce that "the Court make an appropriate award of spousal support" was sufficient to permit the circuit court to award spousal support to wife in the final decree of divorce, even though it was husband who made the request to the court.[4]

## B. *PENDENTE LITE* ORDER

Husband argues that the circuit court "erred when it incorporated the 2010 agreement of the parties *pendente lite* over the written objections of the appellant and without the requested evidentiary hearing." We agree.

---

[3] On July 1, 2016, Code § 20-107.1(A) was amended to state the trial court may award spousal support in a final decree of divorce "notwithstanding a party's failure to prove his grounds for divorce, provided that a claim for support has been properly pled by the party seeking support." Because the trial court entered the amended final decree of divorce on December 4, 2015 prior to the amending of the statute and because the amendments to Code § 20-107.1 have no retroactive effect, these amendments to the statute have no bearing on the outcome of this matter.

[4] This interpretation of Code 20-79(b) is consistent with our decision in the unpublished matter of Ozfidan v. Ozfidan, No. 1265-14-2, 2015 Va. App. LEXIS 148 (Va. Ct. App. May 5, 2015), a case cited by wife in her brief. In that case, this Court concluded, "Under the Supreme Court's decision in Werner (and this Court's decision in Reid), *either party* can request the circuit court for a provision in a final divorce decree *awarding or denying* spousal support." Id. at *28 (emphasis in original).

In <u>Derby v. Derby</u>, 8 Va. App. 19, 378 S.E.2d 74 (1989), this Court stated,

> Code § 20-109.1 provides that "[a]ny court may affirm, ratify and incorporate by reference in its decree dissolving a marriage or decree of divorce whether from the bond of matrimony or from bed and board, any valid agreement between the parties." While this section grants a trial court discretion in dealing with agreements, that discretion extends only to "*valid agreements*."

<u>Id.</u> at 25-26, 378 S.E.2d at 77 (emphasis added). The Court went on to state, "[B]efore a court may exercise its discretion, it must determine the threshold issue of validity." <u>Id.</u> at 26, 378 S.E.2d at 77. In <u>Forrest v. Forrest</u>, 3 Va. App. 236, 349 S.E.2d 157 (1986), this Court held that a circuit court is not required to conduct a separate inquiry into the validity of an agreement which appears valid on its face and *whose validity is not challenged by the parties*. <u>Id.</u> at 240, 349 S.E.2d at 160. Conversely, the circuit court *is* required to conduct an inquiry into the validity of an agreement when its validity is challenged by one of the parties.

In the present matter, husband *did challenge* the validity of the separation agreement when wife offered it as the basis for the provisions of the circuit court's *pendente lite* order. At the *pendente lite* hearing, husband attempted to demonstrate that the parties' subsequent reconciliation had abrogated the agreement – rendering the separation agreement unenforceable. Husband's attempts to elicit testimony from wife that the parties had reconciled (App. at 29-36) and his attempted proffer of similar evidence (App. at 38-40) were summarily denied by the circuit court. Despite husband's attempts to demonstrate that the separation agreement was unenforceable because of the parties' subsequent reconciliation, the circuit court relied solely on husband's signature on the separation agreement to determine its validity. We find that the circuit court committed an error of law when it incorporated a *contested* separation agreement into a court order, over husband's objection, without first making the threshold inquiry required by Code § 20-109.1 as to the validity of the separation agreement.

- 8 -

Apparently recognizing its initial error, the circuit court subsequently made a finding in its final decree of divorce that the separation agreement "was ultimately rendered unenforceable by [the parties'] ultimately unsuccessful attempt to reconcile." More specifically, the circuit court found that "the physical reconciliation was objectively sufficient to render unexecuted provisions of the property settlement agreement abrogated and unenforceable." Pursuant to Code § 20-155, "[a] reconciliation of the parties after the signing of a separation or property settlement agreement shall abrogate such agreement unless otherwise expressly set forth in the agreement."

The circuit court found in the final decree of divorce that the separation agreement was abrogated and unenforceable for the very reason husband alleged at the *pendente lite* hearing. In addition, the Court notes that the parties' reconciliation in 2013 occurred *prior* to the entry of the *pendente lite* order on May 18, 2014. Thus, it is clear from the record that the separation agreement was unenforceable at the time it was incorporated into the *pendente lite* order of the court. For all of these reasons, we find that the circuit court's incorporation of a *contested* separation agreement – one that was later found to be unenforceable at the time it was incorporated into a *pendente lite* order – without first resolving the issue of its validity was reversible error.

Code § 20-103(A) provides:

> In suits for divorce, . . . the court having jurisdiction of the matter may, at any time pending a suit pursuant to this chapter, in the discretion of such court, make any order that may be proper (i) to compel a spouse to pay any sums necessary for the maintenance and support of the petitioning spouse . . . .

In this instance, the trial court heard no evidence as to wife's need for spousal financial support or husband's ability to pay spousal support at the *pendente lite* hearing. Instead, the trial court relied entirely upon the existence of the separation agreement, which the record indicates was

- 9 -

abrogated and unenforceable at the time of the *pendente lite* hearing. As a direct consequence of the circuit court's improper incorporation of an abrogated separation agreement, husband was required to make a minimum monthly spousal support payment of $7,500 to wife.

Husband now requests an award of $49,000 to remedy the circuit court's error – "the difference between the *pendente lite* support payments ($7,500/month) and the actual financial need established by both the Wife and eventually ordered by the Trial Court ($4,000/month) for a total of $49,000 from March 2014 to May 2015 ($3,500/month X 14 months)." Husband's Br. at 26.

> We have previously held that a trial court has no statutory or inherent authority to order restitution of child support paid pursuant to an erroneous order. See Wilson v. Wilson, 25 Va. App. 752, 760, 492 S.E.2d 495, 499 (1997) (reaching such a conclusion in dicta, based on Reid v. Reid, 245 Va. 409, 415, 429 S.E.2d 208, 211 (1993) (involving request for restitution of spousal support paid under order later declared erroneous)).

Nordstrom v. Nordstrom, 50 Va. App. 257, 266, 649 S.E.2d 200, 205 (2007). In Reid v. Reid, 245 Va. 409, 429 S.E.2d 208 (1993), the Supreme Court concluded "the General Assembly has not made statutory provision for restitution of spousal support paid pursuant to an order that is later reversed." Id. at 415, 429 S.E.2d at 211. Accordingly, husband is not entitled to actual reimbursement of those overpayments. However, we find that husband is entitled to a credit against future spousal support payments totaling $49,000 for the fourteen months of such overpayments made pursuant to the *pendente lite* order. See id. at 267 n.2, 649 S.E.2d at 205 n.2. Accordingly, we reverse the circuit court and award to husband a $49,000 credit towards his future spousal support obligations, based on the amounts husband already paid that exceeded the $4,000 per month in spousal support ordered in the final decree.

In addition, the *pendente lite* order required husband to pay to wife 50% of his monthly military retirement pension as a direct consequence of the circuit court's incorporation of an abrogated and unenforceable separation agreement in the *pendente lite* order. Husband also

notes that such an order impermissibly and prematurely performed equitable distribution of marital property – i.e., his military retirement pension.  For these reasons, husband requests an award of $27,746.48 to make him whole for the improper division in the *pendente lite* order of an asset that was largely marital – and subject to equitable distribution only in the final decree of divorce – for military retirement payments made pursuant to the *pendente lite* order.

Pursuant to Code § 20-107.3(A), a circuit court may perform equitable distribution of marital property "upon decreeing a divorce from the bond of matrimony."  "The court may direct payment of a percentage of the marital share of any pension, profit-sharing or deferred compensation plan or retirement benefits, whether vested or nonvested, which constitutes marital property and whether payable in a lump sum or over a period of time." Code § 20-107.3(G)(1). "General principles for the valuation and division of property in equitable distribution proceedings also apply to the valuation and division of retirement benefits, including the principle that '[t]he court shall determine the value of any such property as of the date of the evidentiary hearing on the evaluation issue.'"  Cusack v. Cusack, 53 Va. App. 315, 320, 671 S.E.2d 420, 423 (2009) (quoting Code § 20-107.3(A)).

In Virginia, "no decree of equitable distribution can be made *before* the parties are divorced."  Parra v. Parra, 1 Va. App. 118, 124, 336 S.E.2d 157, 160 (1985) (emphasis in original).  In this matter, the circuit court impermissibly transferred 50% of husband's military retirement to wife in a *pendente lite* order prior to the entry of a final decree of divorce.  The equitable distribution of such a marital asset cannot be made prior to the entry of the final decree of divorce and a proper hearing determining valuation of the asset.  Code § 20-107.3(A).  See Cusack, 53 Va. App. at 320, 671 S.E.2d at 423.  The circuit court's division of this largely marital asset also occurred without first having an evidentiary hearing to determine what is the marital share of husband's military pension – and what share of the pension is his separate

- 11 -

property. For these reasons, wife must repay husband all payments made to her from husband's military retirement pension that were paid pursuant to the circuit court's *pendente lite* order as it was the result of the improper equitable distribution of an asset by a *pendente lite* decree (that was also done pursuant to the circuit court's incorporation of an abrogated and unenforceable separation agreement).

### C. ATTORNEY'S FEES AND COSTS IN THE CIRCUIT COURT

Husband argues that the circuit court abused its discretion when it awarded $25,000 in attorney's fees and costs to wife in the final decree of divorce. "An award of attorney's fees to a party in a divorce suit is a matter for the trial court's sound discretion after considering the circumstances and equities of the entire case." Artis v. Artis, 4 Va. App. 132, 138, 354 S.E.2d 812, 815 (1987); see Joynes v. Payne, 36 Va. App. 401, 429, 551 S.E.2d 10, 24 (2001) ("The key to a proper award of counsel fees is reasonableness under all the circumstances.").

We cannot say that the circuit court's decision to award $25,000 in attorney's fees to wife was an abuse of discretion, was not supported by the record, and, therefore, was not reasonable under the circumstances of this case. The circuit court made the following findings with respect to its award of attorney's fees and costs:

> The Wife pursued her claims in good faith. Based upon the economic disparity of the parties and Husband's significant negative non-monetary contributions leading to the dissolution of the marriage, the Husband is ordered to pay $25,000.00 to the Wife as a contribution to her attorney's fees and costs incurred. This payment shall be made to her within ten (10) days after closing in the sale of the martial residence.

The circuit court found that husband's monthly income was $19,627.73. Wife's 2014 tax return indicated that she earned only $17,390.85 for the entire year. The circuit court also found that wife was not underemployed. Wife provided evidence that she had incurred attorney's fees and costs of approximately $42,000. The circuit court ordered husband to pay $25,000 towards

wife's fees and costs to "be paid from the equity in the home and not until the home is sold."

Thus, husband was not ordered to pay all of wife's attorney's fees and costs or to make any such

payment until he received his share of the sale of the marital residence.

The circuit court found from the evidence that husband made negative non-monetary contributions to the dissolution of the marriage. Those factual findings included husband's admission that he committed adultery in 2008, wife's support of husband in his military career after he admitted that he committed adultery, husband's subsequent conduct that created wife's reasonable suspicion that he was having another affair with a different woman, and husband's failure to complete marital counseling. Therefore, in light of these findings of fact and the significant income disparity between the two parties, we find that the circuit court did not abuse its discretion with its award of $25,000 in attorney's fees and costs in the circuit court to wife.

D. ATTORNEY'S FEES AND COSTS ON APPEAL

Both husband and wife request that this Court award them attorney's fees and costs incurred on appeal. This Court takes into consideration factors such as whether the requesting party has prevailed or whether other reasons exist to support an award of appellate attorney's fees and costs. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Because husband has substantially prevailed on important issues on appeal, we conclude that an award of appellate attorney's fees and costs to husband is justified. Accordingly, we remand the case to the circuit court for an assessment of reasonable attorney's fees and costs that husband incurred on appeal.

III.  CONCLUSION

For the foregoing reasons, we affirm the circuit court in part, reverse the circuit court in part, and remand the matter for further proceedings (and any necessary actions on remand during those proceedings) that are consistent with this opinion.

<u>Affirmed in part, and reversed and remanded in part.</u>